| | |
|---|---|
| EAGLE COUNTY DISTRICT COURT, STATE OF COLORADO<br>885 Chambers Avenue<br>Eagle, CO 81631 | DATE FILED: June 27, 2023 4:22 PM<br>FILING ID: AFC2CFD4FB443<br>CASE NUMBER: 2023CV30109 |
| Plaintiff:  Susan O'Brien<br><br>vs.<br><br>Defendants:  Liberty Mutual Insurance; Ohio Security Insurance Company; The Standard Fire Insurance Company; and, Travelers Indemnity Company of America | |
| Keller A. Caubarreaux, Esq.              No. 40612<br>Joseph H. Azbell, Esq.                   No. 44586<br>Doehling Law, P.C.<br>114 N. Spruce St. Ste 100<br>Grand Junction, CO 81501<br>Phone Number: 970-241-9370<br>Fax Number:  970-245-7902<br>E-mail: keller@doehlinglaw.com<br>E-mail: joseph@doehlinglaw.com | ▲   COURT   USE   ONLY   ▲<br>Case No.:<br>Div.:            Ctrm.: |
| **COMPLAINT** | |

Plaintiff, Susan O'Brien, by and through her attorneys of record, Doehling Law, P.C., alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. On September 19, 2018, and all relevant times thereafter, Plaintiff Susan O'Brien (hereinafter "O'Brien") was domiciled in Colorado and was a citizen of the state of Colorado.

2. On September 19, 2018, and all relevant times thereafter, Defendant Liberty Mutual Insurance Company was a citizen of the state of Massachusetts with its principal office in Massachusetts.

1

3. On September 19, 2018, and all relevant times thereafter, Defendant Ohio Security Insurance Company was a citizen of the state of New Hampshire with its principal place of business in New Hampshire.

4. On September 19, 2018, and all relevant times thereafter, Defendant The Standard Fire Insurance Company was a citizen of the state of Connecticut with its principal place of business in Connecticut.

5. On September 19, 2018, and all relevant times thereafter, Travelers Indemnity Company of America was a citizen of the state of Connecticut with its principal place of business in Connecticut.

6. Prior to September 19, 2018, O'Brien, through her company, Colorado On Site Veterinary Services, LLC, purchased underinsured motorist ("UIM") insurance with Liberty Mutual Insurance Company. The policy states that coverage is provided in Ohio Security Insurance Company. Liberty Mutual Insurance Company and Ohio Security Insurance Company are collectively referred to as "Liberty Mutual" in this complaint.

7. Prior to September 19, 2018, O'Brien purchased UIM insurance with The Travelers Indemnity Company of America. The Travelers Indemnity Company of America is a parent company of The Standard Fire Insurance Company. The Travelers Indemnity Company of America and the Standard Fire Insurance Company are referred to as "Travelers" in this complaint.

8. This Court has subject matter jurisdiction.

9. Venue is proper in this county pursuant to C.R.C.P. 98(c).

## GENERAL ALLEGATIONS

10. Plaintiff incorporates by reference all allegations in this Complaint.

11. On September 19, 2018, O'Brien was in a 2015 Dodge Ram Pickup stopped at a stop sign behind traffic in the Town of Eagle, in Eagle, Colorado.

12. On September 19, 2018, Clair Burrow was driving a Subaru Forester.

13. While driving the Forester, Burrow was distracted, which lead to the the front of her Forester colliding with the rear of O'Brien's Dodge.

14. The collision of the Forester and the Dodge caused severe damage to the Forester.

15. The collision caused moderate damage to the Dodge.

16. Burrow drove the Forester in a negligent manner.

17. O'Brien did not drive her Dodge in a negligent manner.

18. At the time of the collision, the Burrow was insured by Geico Insurance Company with a $250,000 liability policy.

19. Following the collision, O'Brien suffered injuries, damages, and losses.

20. O'Brien's injuries, damages, and losses exceed the full policy limit of the underlying Geico liability policy.

21. At the time of the collision, O'Brien was an "underinsured motorist" as that term is defined in the Liberty Mutual insurance policy.

22. At the time of the collision, O'Brien was an "underinsured motorist" as that term is defined under the Travelers insurance policy.

23. Because of the injuries she sustained in the collision, O'Brien is legally entitled to collect UIM benefits from Liberty Mutual and Travelers due to Burrow's negligence.

3

**Claim Activity Regarding Ms. O'Brien's Claims:**

24. By letter dated October 4, 2019, O'Brien, through counsel, provided Liberty Mutual notice of her claim for UIM benefits.

25. By letter dated November 20, 2019, O'Brien, through counsel, provided Travelers notice of her claim for UIM benefits.

26. In a letter dated November 11, 2019, Liberty Mutual acknowledged receipt of O'Brien's letter of October 4, 2019, and requested information and documentation regarding the claim.

27. By letter dated November 22, 2019, Travelers acknowledged receipt of her claim but stated, "there does not appear to be any Underinsured Motorist Bodily Injury exposure on this policy."

28. On May 12, 2021, O'Brien, through counsel, provided Liberty Mutual and Travelers a detailed letter summarizing her damages resulting from the collision. The letter contained O'Brien's medical records related to the collision.

29. Thereafter, with the permission of Liberty Mutual and Travelers, O'Brien settled her claim against Burrow for the full policy limit of the Geico Insurance Company liability policy.

30. On June 10, 2021, Liberty Mutual confirmed that it was the primary UIM carrier for the collision and that Travelers was the excess UIM carrier.

31. On November 18, 2022, O'Brien informed Liberty Mutual that she was still seeking treatment related to the collision and asked Liberty Mutual if it needed any additional information to evaluate her UIM claim.

32. On January 26, 2023, O'Brien provided Liberty Mutual medical records related to the collision.

33. Liberty Mutual requested that O'Brien provide it with a medical authorization and a list of medical providers on February 13, 2023.

34. By letter dated February 17, 2023, O'Brien provided Liberty Mutual additional medical records related to the collision.

35. On March 7, 2023, O'Brien provided Liberty Mutual the medical authorization it requested on February 13, 2023.

36. On June 1, 2023, O'Brien informed Liberty Mutual that she was still seeking medical treatment related to the collision. Further, O'Brien requested that Liberty Mutual pay the full amount of UIM benefits owed to her by June 15, 2023, as the statute of limitations was quickly approaching. O'Brien informed Liberty Mutual that she would give it additional time to review the case if such time was needed, provided that Liberty Mutual agree to an agreement to toll the statute of limitations.

37. Liberty Mutual has not responded to O'Brien's letters of June 1, 2023, or February 17, 2023.

38. Liberty Mutual has not contacted O'Brien regarding her claim since the request for the medical authorization on February 13, 2023.

39. Liberty Mutual has not paid O'Brien any UIM benefits.

40. Travelers has not paid O'Brien any UIM benefits.

41. Before the date this lawsuit was filed, neither Liberty Mutual nor Travelers requested that O'Brien to be examined by physicians chosen and paid by them as allowed by the terms of the applicable policies.

42. Before the date this lawsuit was filed, neither Liberty Mutual nor Travelers requested a statement under oath from O'Brien as allowed by the terms of the applicable policy.

43. Before the date of this lawsuit was filed, State neither Liberty Mutual nor Travelers requested to speak to O'Brien's medical providers to determine whether her medical conditions were related to the September 19, 2018 crash.

**Applicable Insurance Standards:**

44. An underinsured motorist insurance company owes those it insures the duty of good faith and fair dealing.

45. An insurance company breaches its duty of good faith and fair dealing when it unreasonably delays payment, unreasonably denies payment, and when it fails to communicate promptly and effectively.

46. Liberty Mutual and/or Travelers have unreasonably delayed payment to O'Brien.

47. Liberty Mutual and/or Travelers have unreasonably denied payment to O'Brien.

48. Liberty Mutual has failed to communicate promptly and effectively to O'Brien.

49. An underinsured motorist insurance company owes a duty to those it insures to conduct a reasonable investigation based on all the available information.

50. Liberty Mutual and/or Travelers have not conducted a reasonable investigation of O'Brien's claim based on all the available information.

51. An underinsured motorist insurance company owes a duty to those it insures to act in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.

52. Liability in this case is clear, and neither Liberty Mutual nor Travelers have acted in good faith by effectuating a prompt, fair and equitable settlement with O'Brien.

53. An underinsured motorist insurance company owes a duty to its insured to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

54. Liberty Mutual and/or Travelers have not promptly provided a reasonable explanation of the basis for the delay to make an offer of compromise.

55. An insured shall not be required to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds.

56. Liberty Mutual and/or Travelers delay of O'Brien's claim has forced O'Brien to file this action and to incur the attorneys' fees and costs associated therewith.

**PLAINTIFF'S FIRST CLAIM FOR RELIEF AGAINST LIBERTY MUTUAL AND TRAVELERS**
Breach of Contract

57. The preceding allegations are incorporated by reference.

58. Liberty Mutual and Travelers entered into contracts with O'Brien for underinsured motorist benefits.

59. Liberty Mutual and Travelers breached the insurance contracts by failing to pay O'Brien the amount of underinsured motorist benefits owed under the contracts.

60. O'Brien substantially complied with the contractual obligations of the applicable insurance policies with Liberty Mutual and Travelers.

7

**PLAINTIFF'S SECOND CLAIM FOR RELIEF AGAINST LIBERTY MUTUAL AND TRAVELERS**
Common Law Bad Faith Breach of Insurance Contract

61. The preceding allegations are incorporated by reference.

62. Liberty Mutual and Travelers are "first party" insurers to O'Brien as that term is defined in section 10-3-1115(a)(b)(I), C.R.S.

63. O'Brien has injuries, damages and losses.

64. Liberty Mutual and Travelers acted unreasonably in adjusting O'Brien's claims, including but not limited to unreasonably delaying and denying payment of O'Brien's claims and failing to settle O'Brien's claims.

65. Liberty Mutual and Travelers recklessly disregarded the fact that its conduct and positions were unreasonable.

66. Liberty Mutual's and Travelers' unreasonable conduct and positions was a cause of O'Brien's injuries, damages and losses.

**PLAINTIFF'S THIRD CLAIM FOR RELIEF AGAINST LIBERTY MUTUAL AND TRAVELERS**
Statutory Bad Faith Pursuant to Sections 10-3-1115 and -1116, C.R.S.

67. The preceding allegations are incorporated by reference.

68. Liberty Mutual and Travelers are "first party" insurers to O'Brien as that term is defined in section 10-3-1115(a)(b)(I), C.R.S.

69. Liberty Mutual and Travelers delayed and denied payment of benefits to O'Brien.

70. Liberty Mutual's and Travelers' delay and denial of payment was without a reasonable basis.

71. Liberty Mutual's and Travelers' delay and denial of payment of benefits was willful.

72. Liberty Mutual's and Travelers' delay and denial of payment of benefits was a cause of O'Brien's injuries, damages and losses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Liberty Mutual and Travelers in an amount proven at trial:

A. For the full amount determined to be owed by Defendants to Plaintiff under the Liberty Mutual and Travelers policies and under Colorado law relative to the collision;

B. For compensatory damages caused by Defendants' bad faith conduct in an amount to be determined at trial;

C. For reasonable attorney fees, court costs, and two times the covered benefit pursuant to section 10-3-1116, C.R.S.; and,

D. For pre-judgment and post-judgment interest, costs, attorneys' fees and such other relief that may be appropriate.

RESPECTFULLY submitted this 27th day of June, 2023.

**DOEHLING LAW, P.C.**

*/s/ Joseph H. Azbell, Esq.*
Keller A. Caubarreaux, Esq.     No. 40612
Joseph H. Azbell, Esq.          No. 44586
Attorneys for Plaintiff

Plaintiff's Address:
PO Box 4718
Eagle, CO 81631